United States District Court
Southern District of Texas
**ENTERED**
December 12, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT JOHN ANTHONY MARTINEZ, Petitioner, | § § § § | |
| v. | § § | Civil Action No. 1:17-cv-091 |
| LORIE DAVIS, Respondent. | § § § | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Petitioner Robert John Anthony Martinez's 28 U.S.C. § 2254 Petition (hereinafter, Martinez's "Petition"), and Respondent Lorie Davis's Motion for Summary Judgment with Brief in Support (hereinafter, Davis's "Motion" or "Motion for Summary Judgment"). Dkt. Nos. 1 and 16. For the reasons provided below, it is recommended that Davis's Motion be **GRANTED**, and Martinez's Petition be **DISMISSED** with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241 and § 2254, which provide that jurisdiction is proper where the inmate is confined, or where his state conviction was obtained.

*See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II. Procedural History and Background

On November 5, 2013, in the 103rd District Court of Cameron County, Texas, a jury convicted Martinez of murder and sentenced him to fifty years in prison. Dkt. No. 14-15 at 3-4, 7. The Thirteenth Court of Appeals affirmed Martinez's conviction and sentence on August 31, 2015. *Martinez v. State*, No. 13-13-00714-CR, 2015 WL 5136360 (Tex. App.–Corpus Christi Aug. 31, 2015, pet. ref'd) (mem. op., not designated for publication). Martinez filed a pro se petition for discretionary review ("PDR"). Dkt. No. 14-10 at 1-2. The Texas Court of Criminal Appeals ("TCCA") refused Martinez's PDR on February 10, 2016. Dkt. No. 14-11 at 1. Martinez did not file a petition for certiorari, and he did not seek state habeas corpus relief. Dkt. No. 1 at 3.

In affirming his conviction, the Thirteenth Court of Appeals summarized the background facts of Martinez's case as follows:

> On November 19, 2012, Martinez stabbed Angel Perez with a knife and killed him. At trial, Martinez testified in his own defense and stated that he and his friends were at a gathering when they heard that Perez and Perez's friends were breaking into vehicles in their neighborhood and stealing car radios. Martinez and his friends left the gathering in search of Perez and his friends. Martinez encountered Perez and confronted him. According to Martinez's statement, Martinez and Perez then engaged in a physical altercation. Martinez claims that Perez was overpowering him during their altercation. Martinez stated that he stepped back, pulled out a knife, and when Perez approached him again, Martinez

stabbed him. Perez was stabbed more than eighteen times, including a fatal stab wound to his heart. Martinez said he dropped the knife and left the scene, knowing the police would arrive shortly. Martinez was apprehended the following morning at a friend's home and initially charged with possession of marijuana. *See* TEX. HEALTH AND SAFETY CODE § 481.121 (West, Westlaw through Ch. 46 R.S.2015).

Upon his arrest, Martinez was questioned by investigators from the San Benito Police Department. Initially, the purpose of the questioning was to gather information about some cell phones that had been located relating to the murder. The officers testified during a motion to suppress hearing that Martinez had been read his *Miranda* warnings before each interview, but that the first interview was not videotaped because they were just gathering information regarding the phones. During the first interview, Martinez began asking questions regarding the stabbing of Perez and then Martinez stated to them that he had stabbed Perez. Investigators immediately stopped the interview and set up a video recording for the subsequent interview in compliance with article 38.22 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West, Westlaw through Ch. 46 R.S.2015). Police again read Martinez his *Miranda* rights on the video and Martinez gave the investigators more details about his altercation with Perez.

The State indicted Martinez with Perez's murder. Following a jury trial, Martinez was convicted of murder and the jury assessed punishment at fifty-years in the Texas Department of Criminal Justice—Institutional Division.

*Martinez v. State*, 2015 WL 5136360, at *1–2.

Martinez filed his instant Petition on April 18, 2017. Dkt. No. 1 at 11.[1] In his sole claim for relief before this Court, Martinez contends that his *Miranda* rights were violated when the trial court admitted his confession into evidence,

---

[1] Martinez states that he placed his Petition in the prison mailing system on April 18, 2017. Dkt. No. 1 at 11. The Court will consider his Petition filed on that date. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's petition is filed on the day it is placed in the prison mailing system).

despite the State's failure to provide him with proper warnings. *Id.* at 6-7 (referencing *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966)); Dkt. No. 21 at 3-6. More specifically, Martinez makes the following assertions.

> Petitioner was initially arrested and charged with possession of marijuana. Petitioner was questioned by police for possession charge and informed him that he was being held regarding "another" investigation as well. At no time was Petitioner informed that he was being held in connection to the murder of Angel Perez. However, police continued to question Petitioner regarding other issues. Only after questing Petitioner multiple times and while questioning Petitioner about some cell phone connected to the murder do the police inform Petitioner that they are investigating him for the instant offense. It is clear from the record that when Petitioner was read his Miranda rights during his second to last interview that he was not aware of the instant offense. During this questioning, when Petitioner inculpated himself, is when the police move to clean up their misbehavior with the question first warn later interrogation technique to circumvent the petitioner's miranda protections. At trial, the state was allowed to use Petitioner's illegal interrogation statement as evidence to establish that he was guilty of murder.

Dkt. No. 1 at 6-7 (errors in original, formatting altered).

Davis filed her Motion for Summary Judgment on July 31, 2017. Dkt. No. 16. Martinez filed his "Response" to Davis's Motion on October 2, 2017. Dkt. No. 21. This case is now ripe for review.

### III. Governing Law

**28 U.S.C. § 2254**. The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[2] govern petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335-336 (1997). Pursuant to

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *See also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) (same).

**Fed. R. Civ. P. 56**. The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in

the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Nevertheless, Rule 56's application in the federal habeas context differs from its application in "the average civil case." *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)). As the Fifth Circuit has explained:

> the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)-which mandates that findings of fact made by a state court are "presumed to be correct"— overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Smith v. Cockrell*, 311 F.3d 661, 668.

**The Fifth Amendment**. The Fifth Amendment of the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. The self-incrimination clause of the Fifth Amendment is incorporated in the Due Process Clause of the Fourteenth Amendment, and thus applies to the States. *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (citing *Malloy v. Hogan*, 378 U.S. 1, 6-11 (1964)). In *Miranda v. Arizona*, the United States Supreme Court found "that the statements given by a defendant during a custodial interrogation are inadmissible at trial unless, prior to questioning, the suspect "[is] warned that he has a right to remain silent, that any statement he does make may be used as

evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *DeCossas v. St. Tammany Parish School Board*, Civil Action Case No. 16-3786, 2017 WL 3971248, at *11 (E.D.La., Sept. 8, 2017) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444). The defendant may waive his *Miranda* rights, provided his waiver is made voluntarily, knowingly and intelligently. *Miranda*, 384 U.S. 436, 444.

## IV. Discussion

Martinez's Petition and Response to Davis's Motion for Summary Judgment argue that his pretrial confession was obtained unlawfully in violation of his Fifth Amendment privilege against self-incrimination. Dkt. No. 1 at 6-7; Dkt. No. 21 at 2-6. In support of his claim, he relies upon *Missouri v. Seibert*, 542 U.S. 600 (2004). In *Seibert*, the police utilized a two-step strategy which reduced the protections that *Miranda* warnings are intended to afford. *Missouri v. Seibert*, 542 U.S. 600, 604–606, 616. Specifically, the police "exhaustively questioned Seibert until she confessed to murder and then, after a 15– to 20– minute break, gave Seibert *Miranda* warnings and led her to repeat her prior confession." *Bobby v. Dixon*, 565 U.S. 23, 30 (2011) (citing *Missouri v. Seibert*, 542 U.S. 600, 604–606, 616). The United States Supreme Court held that Seibert's post-warning confession was not admissible despite the fact that she had been Mirandized prior to confessing for the second time. The Court explained that "[u]pon hearing warnings only in the aftermath of interrogation

and just after making a confession, a suspect would hardly think he had a genuine right to remain silent, let alone persist in so believing once the police began to lead him over the same ground again." *Seibert*, 542 U.S. 600, 613.

Martinez asserts that, just like Seibert, his confession should have been excluded at trial because the police used an improper two-step "question first, warn later" procedure to obtain his confession. Dkt. No. 21 at 3, 5. However, Martinez's description of what occurred during his interrogation is somewhat unclear, as is his reliance upon *Seibert*. At one point, he suggests that the police did not provide him with any *Miranda* warnings at all prior to obtaining his confession. Dkt. No. 21 at 6.[3] At another point, he indicates that the police provided him with a *Miranda* warning before he confessed the first time, but suggests that the warning was invalid under Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(1) because it was not recorded on videotape. Dkt. No. 1 at 7; Dkt. No. 21 at 5. At yet another point, Martinez implies that the police were at fault, not for failing to Mirandize him, but for questioning him about Perez's murder without first notifying him that they were investigating a murder. Dkt. No. 1 at 4-5.

**A. Martinez's suggestion that he was not provided with a *Miranda* warning prior to his first confession.** In affirming the trial court's judgment, the Thirteenth Court of Appeals cited to the testimony of two police officers who had questioned Martinez. *Martinez v. State*, 2015 WL 5136360, at *4. The Court

---

[3] Because Martinez's pleadings are imprecise, and because he is pro se, the Court has construed his allegations liberally.

of Appeals noted that both officers testified that Martinez had been Mirandized "prior to the commencement of any questioning." *Id*. Based upon this record testimony, other relevant record evidence, and the trial court's suppression-hearing findings, the Court of Appeals held that the Martinez's reliance upon *Seibert* was misplaced and that his confession was not the unlawfully obtained. *Id*. Martinez filed a pro se PDR with the TCCA challenging this holding (Dkt. No. 14-10 at 9-11), but the TCCA refused Martinez's PDR. Dkt. No. 14-11 at 1.

Pursuant to § 2254(e)(1), findings of fact made by a state court are "presumed to be correct" and the petitioner bears the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Martinez has not met this burden. The record evidence before the Court contains the testimony of the two officers who questioned Martinez. Dkt. No. 14-19 at 31-32; 53-56. Both officers testified that Martinez had been Mirandized prior to confessing. *Id*. Martinez has produced no evidence to undermine this testimony, or otherwise demonstrated that summary judgment is inappropriate.

Furthermore, although he argues that the Thirteenth Court of Appeals decision is contrary to clearly established federal law, as determined by the United States Supreme Court (Dkt. No. 21 at 6), he has not supported this assertion with any facts, evidence, or authority. Martinez relies upon *Seibert*, but *Seibert* does not apply here because the record evidence supports the state court's determination that Martinez was Mirandized before he confessed. Some

statements in Martinez's own briefing also indicate that he was provided with *Miranda* warnings prior to confessing. *See, e.g.,* Dkt. No. 1 at 7. Martinez has not shown that the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, to the extent that Martinez is contending that the police did not Mirandize him at all until after he confessed, he has not shown an entitlement to § 2254 relief.

**B. Martinez's suggestion that his first *Miranda* warning was invalid under Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(1) because it was not recorded on videotape**. Martinez states that "Investigators testified at the [suppression] hearing that they did not video record Martinez being given his *Miranda* warnings prior to the first interview as required by State law." Dkt. No. 21 at 5. Davis argues that, to the extent that Martinez seeks relief for an alleged violation of state law, his claim is not cognizable. Dkt. No. 16 at 13. Davis is correct. Federal habeas corpus relief is not available for violations of state law alone. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)); *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982)

("[a]ssuming the variance constituted a violation of state law, such violation is purely a question of state criminal procedure and does not present an issue cognizable in a federal habeas corpus action"); *Nelson v. Estelle*, 642 F.2d 903, 905–06 (5th Cir. 1981) ("Unquestionably, federal habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure."). Thus, as Martinez has not identified a deprivation of a right secured to him by the United States Constitution or the laws of the United States, the officers' alleged violation of Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(1) does not entitle him to § 2254 relief.

**C. Martinez's suggestion that the police were at fault for questioning him about Perez's murder without first notifying him that they were investigating a murder**. Liberally construed, Martinez's Petition appears to take issue with the police officers' alleged failure to inform him that they were questioning him in connection with Perez's murder. Dkt. No. 1 at 4-5. To the extent that Martinez makes this claim, Davis does not address it directly. *See* Dkt. No. 16 at 1-16. However, Davis does assert that any "Fifth Amendment — or *Miranda*-based claim, other than a *Seibert*-related claim, offered to the Court of Appeals was not advanced to the Court of Criminal Appeals and is thus not exhausted." *Id.* at 13.

Martinez's appellate counsel, Philip T. Cowen, submitted a 64-page brief to the Thirteenth Court of Appeals. Dkt. No. 14-7. Cowen's brief does not clearly raise this issue (*see id.*), and the Thirteenth Court of Appeals did not construe

Cowen's brief as raising the issue. *See Martinez v. State*, 2015 WL 5136360 at *1-10. Thus, having failed to properly raise this issue on appeal, or in a state application for habeas corpus relief, Martinez has failed to exhaust his state court remedies. *See Myers v. Collins,* 919 F.2d 1074, 1076 (5th Cir. 1990) (detailing the steps a Texas state prisoner must take to exhaust his claims); *Garza v. Davis,* Civil Action No. M–16–678, 2017 WL 3314282, at *2 (S.D. Tex., Jul. 18, 2017) (Texas petitioner satisfies the exhaustion requirement "if he presented his claim to the TCCA through a PDR, if he also raised it on direct appeal to the intermediate court of appeals, or through a state application for writ of habeas corpus").

Finally, even if it could be argued that Martinez had exhausted his state court remedies, the Supreme Court made clear in *Colorado v. Spring* that "*Miranda* warnings and waivers are not offense specific." *Roberts v. Cohen*, 117 F. App'x 504 (9th Cir. 2004) (unpublished) (citing *Colorado v. Spring*, 479 U.S. 564, 574-77 (1987)). *See also Barnes v. Johnson*, 160 F.3d 218, 223 (5th Cir. 1998) (citing *Colorado v. Spring*, and noting that "[a] suspect's waiver of *Miranda* rights is not invalid merely because police interrogators did not advise him of the subject matter of the upcoming interrogation."); *United States v. Cassim*, 693 F. Supp. 2d 697, 698-99 (S.D. Tex. 2010) (same).

In *Colorado v. Spring*, John Leroy Spring, was arrested on March 30, 1979, by the Bureau of Alcohol, Tobacco, and Firearms ("ATF") when he attempted to sell firearms to their undercover agents. *Colorado v. Spring*, 479 U.S. 564, 566.

Prior to his arrest, an informant had disclosed to the ATF that Spring was engaged in the interstate transport of stolen firearms. The informant also told the ATF that Spring had discussed his involvement in the murder a man named Donald Walker in Colorado. *Id*. ATF agents Mirandized Spring initially upon his arrest, and again after transporting him to the ATF office in Kansas City. *Id*. at 567. Spring waived his rights and proceeded to speak with the agents. In addition to questioning Spring about his firearm offenses, the agents asked him if had ever shot anyone. Spring admitted that he had, but denied having shot a man named Walker in Colorado. *Id*.

Approximately two months later, on May 26, 1979, Colorado law enforcement officers visited Spring in jail where he was being held in connection with his firearms offenses. *Spring*, 479 U.S. 564, 567. The officers read Spring his *Miranda* warnings and questioned him about Walker's death. Spring waived his rights and confessed to murdering Walker. *Id*. After the police charged him with murdering Walker, Spring moved to suppress, both his March 30th admission to having previously shot someone, and his May 26th admission to killing Walker. *Id*. at 568. Spring argued that his March 30th admission was subject to suppression, despite his waiver, because the agents questioning him did not inform him that they would be asking him about Walker's murder. *Id*. at 569.

The Supreme Court of Colorado agreed. *Spring*, 479 U.S. 564, at 569 (citing *People v. Spring*, 713 P.2d 865, 872-874 (Colo. 1985)). In affirming the judgment of the Colorado Court of Appeals, the Court stated:

> the absence of an advisement to Spring that he would be questioned about the Colorado homicide, and the lack of any basis to conclude that at the time of the execution of the waiver, he reasonably could have expected that the interrogation would extend to that subject, *are* determinative factors in undermining the validity of the waiver.

*People v. Spring*, 713 P.2d 865, 874 (emphasis in original).

After the State of Colorado filed a petition for writ of certiorari, the United States Supreme Court granted certiorari to resolve the question of "whether the suspect's awareness of all the crimes about which he may be questioned is relevant to determining the validity of his decision to waive the Fifth Amendment privilege." *Spring*, 479 U.S. 564, 571. The Supreme Court then resolved the question in the State's favor, holding that "a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege." *Id*. at 577. The Supreme Court explained that a suspect's lack of knowledge about the crimes he will be questioned about does not make his waiver unknowing. *Id*. This is so, the Supreme Court stated, because a proper *Miranda* warning specifically informs the suspect, in unqualified terms, that he has the right to remain silent and that "*anything* he says may be used against him." *Id*. (emphasis in original).

Accordingly, to the extent that Martinez is attempting to challenge the police officers' alleged failure to inform him that they were questioning him in connection with Perez's murder, his claim fails. *See Spring*, 479 U.S. 564, 574-77; *Barnes v. Johnson*, 160 F.3d 218, 223. As noted above, the record in this case demonstrates that the officers Mirandized Martinez "prior to the commencement of any questioning." *Martinez v. State*, 2015 WL 5136360, at *4. Martinez has failed to produce any evidence or authority to show that his waiver was unintelligent, involuntary, or unknowing. Martinez's Petition should be dismissed.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Martinez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

The undersigned recommends that Davis's Motion (Dkt. No. 16) be **GRANTED**, and Martinez's Petition (Dkt. No. 1) be **DISMISSED** with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 12th day of December, 2017.

_____
Ignacio Torteya, III
United States Magistrate Judge